IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARQUIS WILLIAMS, #417959, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:22-cv-00777 |
| JEFF BURTON, | ) JUDGE RICHARDSON |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Marquis Williams, a state inmate proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 6.)

The case is before the Court for ruling on Plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I. APPLICATION TO PROCEED IFP**

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 6) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW OF THE COMPLAINT

A. LEGAL STANDARD

The Court is required to screen the Complaint in order to determine whether its claims are cognizable, or whether it (or any portion of it) must be dismissed because it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

The review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). This review only assumes that the *facts* alleged in the Complaint are true; allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are not accepted as true. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In any case, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

B. ALLEGATIONS AND CLAIMS

Plaintiff sues his criminal defense attorney, public defender Jeff Burton. Plaintiff alleges that, at a September 23, 2021 hearing on a probation violation in Rutherford County Circuit Court, he asked Burton "to get [him] a date for a hearing but instead of doing that Mr. Burton filed a violation of probation/Community Corrections order without [his] knowledge." (Doc. No. 1 at 5.) Consequently, the circuit court entered an order on November 27, 2021, signed by Mr. Burton on behalf of Plaintiff but without his knowledge, reflecting (incorrectly) that Plaintiff had waived a hearing and "agreed to serve the sentence." (*Id.*) Plaintiff claims that Burton's actions violated his constitutional right to due process (*see id.* at 3) and asks the Court to ban Burton from acting as a public defender; "to overturn the sentence" of "8 years no good time" agreed to by Burton; and to award Plaintiff $250 for each day served plus $75,000. (*Id.* at 5.) In a subsequent pleading (Doc.

No. 4), Plaintiff reiterates these demands and also claims that Burton's actions "amount to ineffective assistance of counsel and malpractice." (*Id.* at 2.)

C. ANALYSIS

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to plead a cognizable Section 1983 claim, Plaintiff must allege (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

The second requirement, state action, is unmet in this case. Despite being employed by the State, public defense attorneys "do[] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981), because in that role they are obliged "to act in a role independent of and in opposition to the State." *West v. Atkins*, 487 U.S. 42, 50 (1988). Although there is an exception to this rule when a public defender or other defense attorney conspires with state actors to violate his client's rights, *Tower v. Glover*, 467 U.S. 914, 920 (1984), Plaintiff does not allege any such conspiracy. By failing to sue a state actor, Plaintiff has failed to state a cognizable Section 1983 claim.

Even if the Complaint had named a defendant who deprived Plaintiff of federal rights while acting under color of state law, the request to overturn Plaintiff's 8-year sentence could not be pursued under Section 1983, as such relief is the province of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 750–51 (2004). Nor could Plaintiff pursue a Section 1983 damages claim that

implies the invalidity of his conviction or sentence without having first succeeded in winning habeas or other relief from the underlying criminal judgment.[2] *Id.* In sum, the Complaint fails to state a claim upon which relief can be granted and must therefore be dismissed.

### III. CONCLUSION

For the above reasons, Plaintiff's IFP application (Doc. No. 6) is **GRANTED**, the $350 filing fee is **ASSESSED** against his inmate trust account, and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] The Court expresses no opinion as to the viability of any habeas claim that Mr. Burton rendered ineffective assistance of counsel, or any state-law claim that he committed legal malpractice—both of which Plaintiff refers to only in conclusory fashion. (Doc. No. 4 at 2.)